# ANDRES BERTIN

*v.*

# AMERICAN RAILROAD COMPANY.

---

CORPORATE RIGHTS—LIABILITY OF RAILROAD COMPANY FOR INJURY IN ITS
CONSTRUCTION TO ABUTTING PROPERTY—CRITERION OF DAMAGES.

A railroad company must so use its property as not to injure other persons. It is not liable for mere inconveniences to others; but it must construct and operate its road in such a reasonable manner as is not likely to result in injury to other persons.

December 9, 1903.

---

*Mr. H. E. Smith* for plaintiff.

*Messrs. Dexter & Hord* for defendant.

HOLT, Judge, gave the following charge to the jury:

It now becomes my duty, you having listened carefully to the testimony, to tell you the law governing this case. And then it becomes your duty to determine the facts. I have no doubt you will approach this duty with the consideration which it deserves. A court or a jury has no right to take from a

---

*Railroads—abutting owners.* As to injury to abutter's easement by construction of railroad in street, see editorial note to Egerer v. New York C. & H. R. R. Co. 14 L. R. A. 381; as to injury to him by laying street railway near side of street, see editorial note to Ashland & C. Street R. Co. v. Faulkner, 43 L. R. A. 554.

Bertin v. American R. Co.

company or a person a sum of money unless it has committed a wrong or been guilty of such negligence as amounts to a tort. On the other hand, a company has no right, through its negligence, to inflict an injury upon a man, though he may live in a shack, and not be responsible for it. Whenever the law fails to provide for this, God save the country!

The plaintiff, Andres Bertin, says that he was the owner and in the possession of a lot in the city of Aguadilla, with two houses on it, and perhaps some other outbuilding, but one a dwelling, and the other a wheelwright and blacksmith shop. That property was situated between Progresso and Batanza streets. He, as the testimony tends to show, was living there with his family.

The defendant, the American Railroad Company, wishing to extend its road further into the city of Aguadilla, and having the right to do so as is conceded, built an embankment for the purpose of placing thereon its track, passing up Progresso street until it came to the lot of the plaintiff, which it crossed, or at least ran alongside of it, passing to Batanza street.

The plaintiff claims that, in the construction of that embankment, the defendant company so constructed it that it caused the water to dam up, or at least not to flow off as it had been doing from his premises and from the premises above, but to come down Progresso street and Batanza street; and that thereby his premises were flooded on or about the 2d of November, 1903, and that he was injured thereby.

A railroad company that is incorporated has some rights which an individual does not have. For instance, although you may be unwilling that it shall run through your property, it has the right of eminent domain, and it may condemn a right through it, while you as an individual cannot do that. But yet a railroad, so far as the use of its property is concerned, is like

an individual. It has no right to so use its property as to injure another party. If it does, it must answer for that injury.

There are certain inconveniences which may be occasioned by such a company, for which the law does not give compensation. For instance, a train of cars running along the street may make a good deal of noise, and may inconvenience the dwellers; but there is no compensation for an inconvenience of that character. But if it actually causes what is a trespass; if the smoke from that locomotive actually invades a man's house and compels him to leave; drives him out of his home,—he has a remedy. You drive along the street in a carriage which makes a horrible noise; it perhaps has not been oiled for a long time, and it is an inconvenience to the dwellers; they do not like it; but there is no compensation for it. But if you negligently let your horse run past the corner and injure a house, you are responsible.

The plaintiff in this case claims that the railroad company in building that embankment did not provide for the flowing off of the water that came by reason of the rains,—that it negligently failed to do that. You, as an individual, own a place adjoining your neighbor; you have no right to build a wall along the lower side which will prevent the water from running off as it has been in the habit of doing. If it flows back on him and damages him, you are responsible for it.

This railroad company, while it had a right to extend that track, was required by law to do it in a reasonably careful way. It did not have to provide against all possible injury of persons having adjoining property. For instance, it did not have to provide against a hurricane like the one of 1899, but only as to rain storms that were likely to occur. This does not mean an ordinary shower, but such rains as were known to come in that

Bertin v. American R. Co.

section of the country. Rains which were known to be liable to fall at any time and deluge property. Those that were, perhaps, to some extent usual in that country. It was the duty of the railroad company to provide proper and sufficient drainage for such rains.

The first question, I take it, for you to consider in this case is, Is the defendant liable at all for this injury? and second, If it is liable at all, then what is the extent of it?

I repeat if the railroad company, in the building of that embankment or its track, negligently failed to provide reasonably for the drainage of the water from the property of the plaintiff, and thereby he was injured by the flow, his premises deluged, his house or his personal property injured, then he is entitled to recover reasonably for that injury. This does not mean that he has a right to recover more than he was fairly injured. A man has no right to become rich by reason of such injury, although the defendant may be a corporation; but he has a right to be fairly compensated.

If you believe that through such negligence by this defendant the property of the plaintiff was inundated by water, then you are next to determine what was the real injury to his property. The plaintiff has filed a bill of particulars. There is a statement of values. It is not binding upon you. You are to determine whether he was injured in those respects. If liable for the injury, then you determine the extent of it.

There is one item in this account,—"Damages to land and house sites and for filling of lands." It, is conceded by the plaintiff that he cannot recover any damages for filling the lot. The railroad company had a right to extend its track in a reasonable way; and having that right, it cannot be compelled to fill up a man's lot to make it the same level as the embankment. The road may be an obstruction as to light; there may be

Bertin v. American R. Co.

a good deal of noise there; but the plaintiff cannot recover on those accounts. They are inconveniences to which he must submit in consideration for the quasi public service rendered by the railroad company.

You are to determine what weight you will give to the testimony. It is quite conflicting. So far as value is concerned, it is a matter of opinion. You are to determine from all the testimony what credence you will give to each witness. He may be the plaintiff, and have a special interest in the case; or he may be a friend of the plaintiff, and that may warp his testimony. On the other hand, he may be an employee of the company, and that may do so.

You cannot, in any event, find for the plaintiff exceeding the sum of $2,000. You find in a case of this character according to the preponderance of the evidence. It is unlike a criminal case where you must believe beyond a reasonable doubt that the defendant is guilty in order to convict him.

Guided by this law, you are to determine whether the defendant is liable for damages by reason of negligence, and if so, to what extent.